UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
Frankfort Division

| | |
|---|---|
| DANIEL DAVIS, individually and on behalf of himself and all others similarly situated,<br><br>        Plaintiff<br><br>v.<br><br>OMNICARE, INC.;<br>HOME CARE PHARMACY, LLC;<br>D&R PHARMACEUTICAL SERVICES, LLC;<br>THREE FORKS APOTHECARY, LLC;<br><br>        Defendants | Case No. _____<br><br>*Electronically filed* |

## **COMPLAINT**

### **Introduction**

1. Plaintiffs and putative class members drove thousands of miles from their Kentucky bases delivering pharmaceuticals and supplies for Defendants. Defendants falsely classified Plaintiffs as independent contractors while exerting complete control over their work duties and methods, and requiring them to sign non-compete agreements to prevent them from driving for any other entity. Because Defendants falsely classified Plaintiffs, they paid Plaintiffs and the putative class on a flat fee basis without reimbursement for any of the vehicle costs associated with the deliveries. Due to this illegal payment scheme, Plaintiffs and putative class members earned far less than minimum wage and were denied overtime pay. They now file this action to recover from Defendants unpaid and

underpaid wages as well as vehicle costs, unlawful deductions and unpaid taxes pursuant to KRS 337, *et seq.* and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

## PARTIES

2. Plaintiff Daniel Davis, who resides in Jessamine County, Kentucky, performed delivery services for some or all of the Defendants between September 2014 and October 2017. Davis also dispatched drivers for some or all Defendants in this action.

### Omnicare and its subsidiaries

3. Defendant Omnicare, Inc. is a for-profit corporation organized in Delaware with its principal place of business in Ohio. Omnicare does business throughout the Commonwealth of Kentucky.

4. Defendant Home Care Pharmacy, LLC is a for-profit corporation organized in Delaware with its principal place of business in Ohio. Home Care is a wholly-owned subsidiary of Omnicare, Inc. Home Care does business throughout the Commonwealth of Kentucky.

5. Defendant D&R Pharmaceutical Services, LLC is a for-profit limited liability company organized in Kentucky with its principal place of business in Ohio. D&R is a wholly-owned subsidiary of Omnicare, Inc. D&R does business throughout the Commonwealth of Kentucky.

6. Defendant Three Forks Apothecary, LLC is a for-profit limited liability company organized in Kentucky with its principal place of business in Ohio. Three

Forks is a wholly-owned subsidiary of Omnicare, Inc. Three Forks does business throughout the Commonwealth of Kentucky.

7. Omnicare and its three subsidiaries – Home Care, D&R, and Three Forks (Omnicare Subsidiaries) – operate as a single entity (collectively, Omnicare) and are otherwise jointly and severally liable for the claims asserted in this Complaint. Omnicare ultimately owns 100% of the shares of Home Care, D&R, and Three Forks.

8. The Omnicare Subsidiaries are instrumentalities and alter egos of Omnicare, Inc. such that the Court should pierce the corporate veil between the entities.

9. Further, Omnicare is liable for the claims asserted in this Complaint due to its own direct involvement in the facts at issue and as a joint employer of Davis and members of the putative class.

## JURISDICTION AND VENUE

10. As set forth below, Defendants operate multiple distribution centers within Kentucky as bases of their operations. Plaintiffs and putative class members are based at a distribution center but travel throughout the Commonwealth and neighboring states, making deliveries on Defendants' behalf.

11. These delivery routes include travel throughout eastern Kentucky, including counties within this Division; thus, some of the unlawful conduct complained of herein occurred in this Division and District.

12. This Court has jurisdiction pursuant to 29 U.S.C. § 216.

13. The amount in question exceeds this Court's jurisdictional minimum.

14.     This Court has jurisdiction and venue is appropriate.

## **FACTS**

15.     Omnicare is a pharmacy that sells and delivers prescription medications and medical devices to nursing homes, medical facilities, and homes across the United States. These items are only available by delivery; thus delivery is an integral part of Omnicare's business.

16.     Omnicare holds a competitive bidding process for provision of delivery services in specific regions of the United States. As part of this process, Omnicare develops the routes delivery drivers must run in a particular region and includes them in its requests for proposal.

17.     The lowest bidder receives all Omnicare's delivery work in that particular state or region.

18.     As a result of the bidding process, Omnicare selected Act Fast Delivery of Kentucky to deliver Omnicare products to customers in Kentucky.

19.     Act Fast entered into an agreement with Omnicare to deliver Omnicare products to customers throughout Kentucky.  Omnicare is Act Fast's largest customer.

20.     Omnicare operates three regional distribution centers located in Lexington, Ashland, and Beattyville, Kentucky. Act Fast provides delivery services for these distribution centers.

21.     Act Fast hires drivers to deliver Omnicare products in Kentucky. While nominally working for Act Fast, these drivers make deliveries on behalf of

Omnicare from Omnicare facilities to Omnicare customers when and where Omnicare directs them to do so and in the manner Omnicare requires.

22. Plaintiffs and members of the putative class (collectively, Drivers) use their personal vehicles to make deliveries for Defendants' benefit.

23. Upon information and belief, Defendants employ more than 100 individuals as Drivers based in Kentucky.

24. Drivers make regularly scheduled deliveries to Omnicare's customers travelling routes set by Omnicare. After completion of the route, Omnicare requires Drivers to return to their assigned regional distribution center to return Omnicare's boxes, bags, totes, and paperwork.

25. Defendants pay Drivers a flat, predetermined rate for each route. When calculated as an hourly rate, these flat rates result in a sub-minimum wage to Drivers.

26. Drivers also make stat runs, which are individual deliveries from Omnicare facilities to Omnicare customers made on an expedited, emergency, and ad hoc basis. Drivers are required to be on-call on regular schedules to make such stat runs. Omnicare directs when and where Drivers make stat runs. Defendants typically pay Drivers approximately 70 cents per mile one way for stat deliveries, although some short stat runs are paid on a flat fee basis. Defendants calculate the mileage for stat runs, which is often less than the actual number of miles driven.

27. At some times relevant to this Complaint, Defendants also employed dispatchers who assigned Omnicare's stat run orders to Drivers. Defendants

required Dispatchers to perform delivery services as Drivers, even while dispatching other Drivers. Some Dispatchers not only assigned stat runs in the relevant Kentucky area, but also for Act Fast affiliates in Texas.

28. Drivers routinely work in excess of 40 hours per week, but are not paid at the overtime rate for these hours.

29. Defendants misclassified Drivers as independent contractors as a part of a fraudulent scheme to avoid their wage payment obligations under Kentucky's wage and hour laws.

30. The employer–employee relationship between Defendants and Drivers is evidenced by the following:

   a. Defendants require Drivers to follow specific routes to deliver products and specify the exact time to drive those routes.

   b. Defendants control the method Drivers used to electronically report their deliveries at each stop and mandate compliance with that method. Defendants additionally require Drivers to complete specific paperwork at each stop.

   c. Defendants do not permit Drivers to negotiate a fee for their services.

   d. Defendants issue Drivers a daily work schedule with the Driver's scheduled routes for the day. Defendants do not permit Drivers to reject these assignments or any stat runs assigned to them.

   e. Defendants require Drivers to wear a uniform imprinted with Act Fast's logo.

  f. Defendants require Drivers to sign a non-compete agreement, prohibiting them from working for any competitors.

  g. Defendants' application materials refer to Drivers as Employee[s] and to Act Fast as Employer.

  h. Defendants require Drivers to fill out a USCIS Form I-9 to verify their employment eligibility, which is only required for employees.

31. As employees, Drivers are not exempt from overtime or minimum wage requirements as set forth in KRS 337, *et seq.* or the FLSA, 29 U.S.C. § 201, *et seq.*

32. Act Fast and Omnicare are joint employers of the Drivers as evidenced by, but not limited to, the following:

  a. As set forth previously, Omnicare directs, controls, and supervises the way that Drivers perform their work. This level of control is expressly contemplated in the contract between Omnicare and Act Fast.

  b. Due to the level of control Omnicare exercises over the Drivers, it knows or should know that Act Fast is unlawfully underpaying the Drivers and misclassifying them as independent contractors, all on Omnicare's behalf.

  c. Upon information and belief, Omnicare is Act Fast's only customer in the Ashland and Beattyville areas and is Act Fast's largest customer in the Lexington area, representing nearly all deliveries in that area. Thus, if Omnicare were to stop using Act Fast in Kentucky, Act Fast would go out of business, as has happened in other states and regions when Omnicare stopped contracting with Act Fast.

33.   In the course of using their own vehicles for Defendants' benefit, Drivers incur various necessary and required costs, including but not limited to gasoline, vehicle parts and fluids, automobile repair and maintenance services, insurance, and depreciation. Drivers incur vehicle rental fees when their own vehicles are unusable, as they are not permitted to reject routes or stat runs. Collectively, all such costs are referred to herein as Vehicle Costs.

34.   Defendants do not reimburse Drivers for Vehicle Costs.

35.   In addition, Defendants require Drivers to provide kickbacks to Defendants in the form of unreimbursed Vehicle Costs. Because of Defendants' failure to account for these kickbacks, Drivers' wages are not paid free and clear as required by law.

36.   This underpayment is further compounded by Defendants' unlawful deductions from Drivers' wages, including but not limited to deductions for payroll processing fees and data transfer fees (collectively, Unlawful Deductions).

37.   Defendants also unlawfully charge Drivers for expenses solely for Defendants' benefit. These expenses include, but are not limited to, uniforms and employment screening fees (collectively, Unlawful Expenses).

38.   Defendants also unlawfully fail to withhold income taxes, payroll taxes, FICA taxes, and other required payments (collectively, Required Deductions) for the Drivers' benefit.

39.   Thus, at all relevant times, Defendants:

   a. Failed to pay the minimum wages for all hours worked (including wait time, on call time, and all other hours worked but not counted);

   b. Failed to pay at least 1.5 times the regular or minimum wage rate for hours worked in excess of 40 per week (including wait time, on-call time, and all other hours worked but not counted);

   c. Failed to reimburse for Vehicle Costs and other such kickbacks such that Drivers were paid below legal minimums;

   d. Withheld the Unlawful Deductions such that Drivers were paid below legal minimums;

   e. Charged the Unlawful Expenses such that Drivers were paid below legal minimums; and

   f. Failed to make Required Deductions.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

40. Upon information and belief, the class includes more than 100 individuals. Although too numerous to join individually, the class members are identifiable through employment records.

41. There are common questions of law and fact to the class. Each class member was subject to Defendants' common scheme of systematic underpayment and lack of reimbursement of kickbacks during the relevant period. While Drivers were paid different amounts for different routes, all such routes underpaid each Driver as a result of this common scheme.

42. Further, as described above, all class members were subject to the same Unlawful Deductions, Unlawful Expenses, and lack of Required Deductions pursuant to Defendants' standard Driver payment policy.

43. Further, as described above, all class members were subject to Defendants' control rendering them employees of both, not independent contractors.

44. The claims of the representative party, Davis, are typical of the class members. Davis was subject to the same common scheme regarding underpayment, failure to reimburse kickbacks, Unlawful Deductions, Unlawful Expenses and lack of Required Deductions as the members of the class. As such, his claims are identical to the class.

45. The representative party will fairly and adequately represent the interests of the parties. Plaintiff Davis has agreed to serve as class representative if a class is certified and accepts his obligation to act in the best interest of the class.

46. The proposed Class is also appropriate because questions of law or fact common to Class members predominate over any questions affecting only individual members. Further, proceeding as a class is superior to other available methods of fair and efficient adjudication of the controversy. Questions of law and fact predominate as every Class member was subject to identical efforts by Defendants' to impose their unlawful wage practices upon them. Further, absent treatment as a class, Class members would be required to file individual lawsuits throughout the Commonwealth to vindicate their rights under KRS 337, *et seq.* and 29 U.S.C. § 201, *et seq.*

47. As alleged herein, the proposed Class is also appropriate because Defendants have acted or refused to act on grounds that apply generally to the Class, so that final declaratory and/or injunctive relief is appropriate respecting the Class as a whole.

48. As such, pursuant to Fed. R. Civ. P. 23, the Class is properly defined as follows (the "Class"):

> All current and former delivery drivers or dispatchers classified as independent contractors who were based at a Kentucky distribution center and performed work for Defendants from November 15, 2012 to the day the Court authorizes notice.

## COUNT I: UNPAID MINIMUM WAGES

49. Defendants' conduct as set forth in this Complaint violates Kentucky and federal minimum wage and overtime requirements, including but not limited to KRS 337.275, 337.285, 29 U.S.C. § 206, and 29 U.S.C. § 207.

50. Pursuant to KRS 337.385 and 29 U.S.C. § 216, each and every member of the Class is entitled to recover all unpaid minimum wages, overtime wages, Vehicle Costs and other kickbacks, Unlawful Deductions, and Unlawful Expenses, as well as unpaid Payroll Deductions.

51. Additionally, pursuant to KRS 337.385 and 29 U.S.C. § 216, each and every member of the Class is entitled to recover liquidated damages in an amount equal to their unpaid wages damages as well as all attorney's fees, costs, and other expenses associated with bringing this action. Each and every member of the Class is also entitled to pre- and post-judgment interest on all monetary awards.

## COUNT II: UNLAWFUL PAYROLL DEDUCTIONS

52. Defendants' conduct as set forth in this Complaint violates KRS 337.060, Kentucky's statutory prohibition on payroll deductions.

53. Pursuant to KRS 337.385, each and every member of the Class defined above is entitled to recover liquidated damages in an amount equal to these unlawful deductions as well as all attorney's fees, costs, and other expenses associated with bringing this action. Each and every member of the Class is also entitled to pre- and post-judgment interest on all monetary awards.

## COUNT III: UNJUST ENRICHMENT

54. Defendants were unjustly enriched by the shifting of a portion of the cost of doing business onto Drivers. Such costs include, but are not limited to, Drivers' Vehicle Costs and other kickbacks, Unlawful Deductions, and Unlawful Expenses.

55. Each and every member of the Class is entitled to restitution for all of Defendants' costs or fees that have been levied upon them, including but not limited to the Unlawful Deductions and Unlawful Expenses. Each and every member of the Class is also entitled to pre- and post-judgment interest on all monetary awards.

## REQUEST FOR RELIEF

Wherefore, Davis, individually and on behalf of all those similarly situated, respectfully requests the Court provide the following relief against Defendants:

   a. Compensatory damages;

   b. Liquidated damages;

   c. Pre- and post-judgment interest;

d. Attorney's fees, costs, and all other expenses associated with bringing these claims;

e. Injunctive relief requiring Defendants to fully comply with the applicable wage and hour laws;

f. Injunctive relief preventing Defendants from retaliating against any Driver associated with bringing these claims;

g. Trial by jury on all claims so triable; and,

h. Any and all other relief the Court deems proper.

Respectfully submitted,

CRAIG HENRY PLC

s/ Michele Henry
Michele Henry
239 South Fifth Street, Suite 1400
Louisville, KY 40202
(502) 614-5962
Facsimile: (502) 614-5968
mhenry@craighenrylaw.com