# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| DANIEL DAVIS, individually and on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civ. Action No.: 5:18-cv-00142-REW-MAS |
| v. | ) ) | |
| Omnicare, INC.; HOME CARE PHARMACY, LLC; D&R PHARMACEUTICAL SERVICES, LLC; and THREE FORKS APOTHECARY, LLC; | ) ) ) ) ) | |
| Defendants. | | |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT, along with all exhibits hereto (collectively, the "Agreement" or "Settlement"), resolves the matter captioned *Davis v. Omnicare, Inc.; Home Care Pharmacy, LLC; D&R Pharmaceutical Services, LLC; and Three Forks Apothecary, LLC*, No. 5:18-cv-00142-REW-MAS (E.D. Ky.) ("the Litigation") and is entered into between Daniel Davis, individually and on behalf of the FLSA Collective and Rule 23 State Settlement Class (collectively" the "Class" or "Class Members"); and Defendants Omnicare, Inc., Home Care Pharmacy, LLC, D&R Pharmaceutical Services, LLC, and Three Forks Apothecary, LLC on behalf of themselves, their parent(s), affiliates, divisions, subsidiaries, predecessors and successors, related business entities, customers, vendors, and employees, and their directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys and agents ("Omnicare" or the "Defendants"). Collectively, these persons or organizations are referred to as the "Parties."

## <u>RECITALS AND BACKGROUND</u>

1.    Plaintiff Daniel Davis filed this case on February 19, 2018 in the United States District Court for the Eastern District of Kentucky, alleging violations of the Fair Labor Standards Act and Kentucky state law.

2.    The Parties attended a video-conferenced mediation on June 22, 2020 with Hunter Hughes, a nationally-renowned mediator in complex litigation, including wage and hour class action litigation.  Settlement was reached within ten days of this mediation, through work between the parties and Mr. Hughes at the mediation and through a series of follow-up negotiations between respective counsel and Mr. Hughes.

3.    During formal discovery and prior to the mediation, the parties exchanged voluminous information, deposition testimony, data and documents necessary to fully and fairly evaluate the Plaintiff's and Class Members' claims, including Class Members' work dates and duties, delivery data, and compensation data from third parties of Class Members during the relevant time period.

4.    Plaintiff and his counsel have investigated and evaluated the facts and law relating to the claims asserted in the Litigation. In light of the costs, risks, and delay of continued litigation balanced against the benefits of settlement to the Class, Plaintiff and his counsel believe that the settlement as provided in this Agreement is in the best interests of the Class and represents a fair, reasonable, and adequate resolution of the claims in the Litigation.

5.    Omnicare denies and continues to deny Plaintiff's and the Class Members' allegations in the Litigation. Nonetheless, without admitting or conceding any liability or responsibility for damages, Defendants have agreed to settle the Litigation on the terms and

2

conditions set forth in this Agreement to avoid the burden, expense and uncertainty of continuing litigation.

## **TERMS OF THE AGREEMENT**

In consideration of the mutual promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Definitions Used in this Agreement**:

   A.    **"Administrative Costs"** means (a) the costs of administration of the settlement by a third-party claims administrator pursuant to this Agreement, (b) the Service Payment to Plaintiff as described in Paragraph 3( E)  of this Agreement, (c) the sum of $20,000 will held in trust as an "Allocation Correction Set-Aside" in order to make corrections to allocations.

   B.    **"Agreement"** means this Settlement Agreement.

   C.    **"Allocation Correction Set-Aside"** means the amount of the Gross Settlement Fund set aside to resolve disputes by Settling Plaintiffs or Existing Opt-ins related to their distributions, not to exceed 2% of the Gross Settlement Fund.

   D.    **"Attorneys' Fees and Costs"** means the amount paid to Class Counsel from the Gross Settlement Fund pursuant to Paragraph 3 (F), including all attorneys' fees and litigation expenses and costs incurred in the Litigation by Class Counsel (defined below). Attorneys' Fees and Lawsuit Costs were negotiated by Class Counsel after the other principal material points of the settlement had been resolved. Class Counsel's attorneys' fees application shall not exceed thirty-three and one third (33-1/3%) percent of the Gross Settlement Fund (*i.e.*, Three hundred and Thirty-three Thousand and Three hundred and Thirty-three dollars and Thirty-three cents ($333,333.33)), subject to Court approval. Class Counsel may also apply for up to half of their litigation costs and expenses from the Gross Settlement Fund in addition to their requested

attorneys' fees incurred in connection with the Litigation.  Regardless of the amount of fees or costs awarded by the Court, in no event will Defendants be required to pay more than the Gross Settlement Fund of One Million Dollars ($1,000,000.00) in connection with this Settlement (with the exception of the Defendants' one-half share of the fees and expenses of the Claims Administrator, which shall be paid by Defendants separate from the Gross Settlement Fund in accordance with Paragraph 7 below).

      E.      **"Claim Form"** means the Claim Form, Consent to Join and Release, which the Parties shall request be substantially in the form attached as Exhibit A.

      F.      **"Claim Period"** means the period for filing claims, which shall be seventy-five (75) days from the date of the first mailing of the Notice.

      G.      **"Claims Administrator"** shall mean the third-party claims administrator engaged to facilitate the notice and administration of this settlement, including, among other things, by creating and mailing notice packets, processing claim forms, addressing or responding to Class Member inquiries, advising Class Members of deficiencies in their claim forms, preparing affidavits to be filed with the Court and reports to counsel for the Parties, calculating Distribution Amounts (consistent with this Agreement), preparing and mailing of distributions of/from settlement funds, obtaining current addresses, preparing tax returns and paying any taxes owed on payments to Settling Class Members, Settlement Class Representatives, Class Counsel and/or any interest earned by the Qualified Settlement Fund (as defined herein).

      H.      **"Class Counsel" or "Plaintiffs' Counsel"** means Goodwin & Goodwin, LLP, Lichten & Liss-Riordan, P.C., and Craig Henry PLC.

      I.      **"Omnicare" or "Defendants"** collectively refers to Defendants Omnicare, Inc., Home Care Pharmacy, LLC, D&R Pharmaceutical Services, LLC, and Three Forks

Apothecary, LLC on behalf of themselves, their parent(s), affiliates, divisions, subsidiaries, predecessors and successors, related business entities, customers, vendors, and employees, and their directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys and agents ("Omnicare" or the "Defendants")

J.        **"Court"** means United States District Court for the Eastern District of Kentucky.

K.        **"Omnicare's Counsel"** means Seyfarth Shaw LLP.

L.        **"Distribution Amount"** means the amount distributed to a Settling Plaintiff who submits a Valid Claim Form in accordance with this Agreement.

M.        **"Effective Date"** means the date on which the Final Judgment and Order Approving Settlement become Final (defined below in subsection O).

N.        **"Preliminary Approval"** means the date the Court enters an Order "preliminarily approving" this Settlement and ordering notice of settlement to be sent to the class, including the procedure for notifying Class Members of their eligibility to participate in the Settlement. A proposed preliminary approval order is attached as Exhibit B.

O.        **"Final"** means, when used in connection with any court order or judgment, that the relevant order or judgment will be final and no longer subject to appeal:

(i)  If there is no objector to the settlement, thirty days after the order is entered. If there is an objector but no appeal is taken therefrom, sixty days after the entry of the Final Approval Order, or

(ii) if any appeal is taken therefrom, on the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing en banc and petitions for *certiorari* or any other form of review, have been finally disposed of, such that the

time to appeal therefrom (including any potential extension of time) has expired, in a manner resulting in final judicial approval of this Agreement.

P.        **"Final Approval Order"** means an order that finally and unconditionally grants final approval of the Settlement, grants final certification of the Rule 23 Class for settlement purposes only, authorizes payments to the Settling Plaintiffs, Plaintiff, the Claims Administrator, and Settlement Class Counsel as provided in this Agreement, and fully and finally extinguishes the Wage and Hour Claims of the FLSA Settlement Class and the Rule 23 Class as set forth herein, which the Parties shall submit in a mutually agreed upon form.

Q.        **"FLSA Settlement Class"** means the individuals who provided driver or dispatcher services to Defendants in Kentucky from December 3, 2016 through March 25, 2018.

R.        **"Existing Opt-Ins"** means individuals who filed their consent to join forms to participate in the Litigation prior to June 22, 2020.

S.        **"Gross Settlement Fund"** means the amount of One Million Dollars ($1,000,000.00). This payment includes the settlement allocations to all FLSA Settlement Class Members, Plaintiff, Existing Opt-Ins, and Rule 23 Class Settling Plaintiffs as described below, including any interest, liquidated, punitive, and/or multiple damages; taxes; Service Awards; and Attorneys' Fees and Costs; and Administrative Costs (as defined above). The gross settlement fund is based on the total number of Rule 23 class members and FLSA class members of approximately 204.

T.        **"Plaintiff"** means Plaintiff Daniel Davis.

U.        **"Net Settlement Fund"** means the Gross Settlement Fund less Administrative Costs, Attorneys' Fees and Costs, Allocation Correction Set-Aside, and Service Payments.

V.        **"QSF"** means the Qualified Settlement Fund established under Section 468B of the Internal Revenue Code, and more fully discussed herein, established and administered by the Claims Administrator.

W.        **"Rule 23 Class"** means an opt-out class of individuals who provided driver or dispatcher services to Defendants in Kentucky during time period February 19, 2013 through March 25, 2018, and who do not opt-out of the litigation. For settlement purposes only, the Parties have stipulated that the requirements for establishing class certification pursuant to Fed. R. Civ. P. 23 have been met.

X.        **"Service Payments"** means payments for service provided by the Plaintiff as specified in Paragraph 3(E) below.

Y.        **"Settlement"** means the terms of the settlement agreed to by the Parties and their counsel, as set forth in this Agreement.

Z.        **"Settlement Classes"** means the Rule 23 Class and the FLSA Settlement Class.

AA.      **"Settlement Class Member"** means any member of the Rule 23 Class or FLSA Settlement Class.

BB.      **"Settlement Class Representative"** means Daniel Davis.

CC.      **"Settling Plaintiff"** means Class Members who participate in this Settlement by submitting a claim and executing a release as described below.

DD.      **"Valid Claim Form"** means a completed and signed Claim Form that satisfies the requirements set forth in Paragraph 7 C (v), below.

EE.      **"Wage and Hour Claims"** means any and all suits, actions, causes of action, claims, or demands based on putative violations of the Fair Labor Standards Act, as well as any state or local law (both statutory and common law), pertaining or related to hours of work or

payment of wages that were asserted or could have been asserted in the Litigation based on the allegations in it, regarding events that occurred or are alleged to have occurred, by individuals who provided driver or dispatcher services related to Defendants' operations in Kentucky within the applicable statute of limitations period(s).

2.    **Class Period(s) and Settlement Classes**

A.    This Agreement resolves FLSA and state law wage and hour claims by individuals who have previously filed a consent to join form in the Litigation (the Existing Opt-Ins), FLSA and state law claims by individuals who file Valid Claim Forms (thereby becoming Settling Plaintiffs), and state law claims of a class of all individuals who provided driver or dispatcher services related to Defendants' operations in Kentucky during the class period of five years prior to the date of filing the Complaint (*i.e.* February 19, 2013) through March 25, 2018 (the Rule 23 Class).

B.    <u>Existing Opt-ins</u>. The Class Period (i.e., the weeks to be counted for the opt-in for purposes of determining workweeks eligible for payment pursuant to this settlement) for Existing Opt-Ins shall be the longer of three years prior to the date of filing their consent to join forms or the class period of five years prior to the date of filing the Complaint (*i.e.* February 19, 2013) through March 25, 2018.

C.    <u>Class Members Who File a Valid Claim Form</u>. The Class Period for Class Members who did not previously file a consent to join, but who file a Valid Claim Form in connection with this Settlement, shall be the longer of three years prior to the date of filing their Valid Claim Form or the class period of five years prior to the date of filing the Complaint (*i.e.* February 19, 2013) through March 25, 2018.

D.    Rule 23 Settlement Class.  For Settlement purposes only, the Rule 23 Class includes individuals who provided driver or dispatcher services related to Defendants' operations in Kentucky from five years prior to the date of filing the Complaint (*i.e.* February 19, 2013) through March 25, 2018.

E.    If the Court does not grant Preliminary and Final Approval of the Settlement or if the Effective Date does not occur for any reason, then the settlement term sheet and the Settlement Agreement shall be null and void and of no further use or effect, and the parties will be returned to their respective positions in the Litigation *nunc pro tunc* as of the date of the term sheet, including the posture of the cases vis-à-vis certification under 29 U.S.C. § 216(b) and Rule 23, without prejudice to the Named Plaintiff's or Omnicare's ability to seek or oppose decertification under 29 U.S.C. § 216(b) and/or class certification under Rule 23 in each of the actions. In this event, the settlement term sheet, this Agreement, and all information, negotiations and discussions leading to or arising out of those documents, shall not be used as evidence or for any other purpose in any lawsuit against Omnicare alleging any violation of any federal, state or local wage and hour laws.  Further, if Final Approval or the Effective Date does not occur for any reason, any amount of the Gross Settlement Amount that has been deposited in the QSF, plus any interest earned thereon and less any Administrative Costs incurred, shall be returned by the Claims Administrator to Omnicare within five (5) days after notice to the Claims Administrator of such event.

**3.    Settlement Fund and Allocation.**

A.    Omnicare agrees to pay One Million Dollars ($1,000,000.00), plus one-half the fees and expenses of the Claims Administrator in order to fully and finally resolve the Litigation in its entirety, inclusive of all Attorneys' Fees and Lawsuit Costs; interest; Administrative Costs; liquidated, punitive and multiple damages; taxes; and Service Awards, if any.  Omnicare shall not

be responsible for any taxes imposed by law on any person or entity receiving proceeds under this Agreement as a result of payments made to them, or any other sums in excess of the Gross Settlement Amount.

B.  <u>Net Settlement Fund.</u>  Payments to Settling Plaintiffs will only be made to Plaintiff and those who have submitted a Valid Claim Form.  The payment will be in the form and manner specified below.

C.  <u>Allocation of the Net Settlement Fund.</u>  Each Settling Plaintiff shall be eligible to receive the greater of: (i) $100; or (ii) his or her proportionate share of the Net Settlement Fund as described herein. The Net Settlement Fund is the Gross Settlement Fund less the sum of (1) Attorneys' Fees and Costs, (2) one-half of the fees and expenses of the Claims Administrator, (3) the Allocation Correction Set-Aside and (4) the Service Payment to Plaintiff. The Net Settlement Fund shall be divided into two Settlement Pools: the Driver Settlement Pool and the Dispatcher Settlement Pool. The amount of the Driver Settlement Pool is estimated to be approximately $545,166.67 and shall be allocated to Settlement Class Members who worked as delivery drivers. There are approximately 192 Settlement Class Members who are eligible to participate in the Driver Settlement Pool. The amount of the Dispatcher Pool is estimated to be $25,000 and shall be allocated to Settlement Class Members who worked as dispatchers only. There are approximately 12 Settlement Class Members eligible to participate in the Dispatcher Settlement Pool. Each delivery driver will receive his or her proportionate share of the Driver Settlement Pool based upon the percentage of miles that the driver drove during the Class Period compared to the class-wide total adjusted mileage based on Plaintiff's expert, Eric Henson's mileage calculations. The mileage for drivers who were FLSA opt-in members shall be adjusted upward using a multiplier of 1.2 in recognition of their support of the case during the pendency of this litigation.

In those limited instances where the driver's mileage calculations are unavailable, their mileage will be estimated using the average mileage per delivery for the Settlement Class times the approximate number of deliveries made by the driver as ascertained from the delivery data. Each dispatcher shall receive his or her proportionate share of the Dispatcher Settlement Pool based upon the number of weeks worked by that dispatcher to the total weeks worked by all dispatchers during the Class Period. The number of weeks for dispatchers who were FLSA opt-in members shall be adjusted upward using a multiplier of 1.2 in recognition of their support of the case. To the extent the information described above or necessary to calculate a Settling Plaintiff's distributive share is unavailable, the Parties will assign the minimum recovery of $100 to such Settling Plaintiff

     D.  <u>Non-reversionary</u>**.**  The Gross Settlement Amount shall be non-reversionary. Counsel will make reasonable efforts to contact Class Members who fail to cash their settlement checks within six (6) months of receipt so that they may be issued a new check for the amount allocated under the Settlement Agreement.  If after one year class members have failed to cash their checks and have not requested the issuance of a new check, such unconsummated payments and any unclaimed funds shall be donated cy-pres to Kentucky Legal Aid.

     E.  <u>Service Payments.</u>  Subject to Court Approval, Plaintiff shall receive $5,000 in recognition of his service contributions. This service payment is being sought in recognition of efforts to pursue the claims raised in this Litigation on behalf of the Settlement Classes, including providing factual information and otherwise assisting Class Counsel with the prosecution of the litigation at various levels of participation. The service payment will be made at the same time and in addition to the payment of Attorneys' Fees, set forth in this Agreement. Any amounts allocated

as Plaintiff's service payment under this Agreement, but not approved by the Court, shall be re-allocated to the Net Settlement Fund, to be proportionally distributed to the Settling Plaintiffs.

F.    Attorneys' Fees and Costs.    Class Counsel will seek, and Omnicare will not oppose, an award of attorney's fees in the amount of thirty-three and one third (33-1/3%) percent of the Gross Settlement Fund (*i.e.*, Three hundred and Thirty-three Thousand and Three hundred and Thirty-three dollars and Thirty-three cents ($333,333.33)).    Class Counsel may also apply for up to half of their litigation costs and expenses from the Gross Settlement Fund in addition to their requested attorneys' fees incurred in connection with the Litigation.    Any amounts allocated as attorneys' fees and costs under this paragraph, but not approved by the Court, shall be re-allocated to the Net Settlement Fund, to be proportionally distributed to the Settling Plaintiffs.

G.    Administrative Costs and Allocation Correction Set-Aside Fund. Of the Gross Settlement Fund, $20,000 will be set aside to correct any miscalculations or other errors in the allocation to Class Members. Any remainder more than 120 days after settlement checks are initially mailed to Settling Plaintiffs will first be used to make any necessary additional payments such as to the Claims Administrator.

**4.    Release.**

A.    Named Plaintiff:  Upon the Effective Date, Plaintiff, including his heirs, assigns and estates, fully, forever, irrevocably and unconditionally release, remise, and discharge Omnicare and all of the entities named as Defendants in the Litigation,  and all of their parent(s), divisions, subsidiaries, affiliates, related companies, partnerships, joint ventures, predecessors, customers, vendors, and successors, and all of its and their directors, principals, officers, stockholders, owners, members, fiduciaries, insurers, trustees, employees, attorneys, representatives, assigns and agents (each in their individual and corporate capacities) (collectively

12

referred to as the "Released Parties"), from any and all suits, actions, causes of action, claims, or demands against the Released Parties or any of them based on putative violations of any state or local law (both statutory and common law)  or federal law pertaining to hours of work or payment of wages, including without limitation all state and local claims or claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. that were asserted or could have been asserted in the Litigation based on the allegations in it, regarding events that occurred or are alleged to have occurred from the beginning of time until  March 25, 2018. Class Members who are also opt-in plaintiffs in *Young v. Act Fast of West Virginia* shall be able to participate in this settlement with respect to the work they performed in Kentucky, and in the *Young* settlement for the work they performed in West Virginia, pursuant to the terms of the respective settlements.

   B.  <u>Other Class Members: Limited Wage & Hour Release.</u>

    i.  Settling Plaintiffs and Existing Opt-ins shall release the Released Parties of all wage and hour claims (state and federal) arising from the facts alleged or that could have been alleged as related to the facts pled in the complaint  during the class periods outlined above in Paragraph 2. The limited release specifically excludes any claims, including wage and hour claims, that Settling Plaintiffs and Existing Opt-ins may have as a result of holding any other position with Omnicare other than as an independent contractor driver or dispatcher.

    ii.  Settlement Class Members who do not submit a Valid Claim Form but who also do not opt out of the settlement, will not release FLSA claims but will release state law claims arising from the facts alleged or that could have been alleged as related to the facts plead in the complaint during the class periods outlined above in Paragraph 2. Excluded from the release are any claims which cannot be waived by law, including the right to file a charge with or participate in an investigation conducted by any state, or local government agency. The limited release specifically

excludes any claims, including wage and hour claims, that Settlement Class Members may have as a result of holding any other position with Omnicare other than other than as an independent contractor driver or dispatcher.

**5.**    Covenant Not to Sue.  Named Plaintiff Davis and Settling Plaintiffs agree not to institute any lawsuit, proceeding, grievance, or action of any kind at law, in equity, or otherwise in any forum of any kind against any Released Party for any claim included in the release in Paragraph 4 above.  Likewise, Plaintiff Davis and each Settling Plaintiff agree that they will not join or participate in, or consent to opt into any lawsuit or action against the Released Parties pertaining to any of the claims included in the release in Paragraph 4 above, and agree that they are not entitled to any further relief in a separate action or lawsuit for any of the claims included in the release in Paragraph 4 above. Nothing in this Agreement prohibits any of the Settling Plaintiffs from suing Omnicare, or vice versa, to enforce this Agreement. In the event of breach, the non-breaching party may sue for an injunction, specific performance, and/or monetary damages resulting from any such breach, as well as reasonable attorneys' fees and costs related to the breach-of-contract lawsuit.  If Named Plaintiff is joined in any class or collective lawsuits for any released claims, he will receive no further compensation of any kind for such released claim. Named Plaintiff further acknowledges and agrees that the covenant not to sue is an essential and material term of this Agreement and that no settlement could have been reached by the Parties without this term.  Named Plaintiff, affirms that he understands and acknowledges the significance and consequence of this specific term of the Agreement.

**6.**    **Settlement Approval.**

A.    <u>Court Approval of Settlement.</u>  All terms and conditions of this Agreement, including without limitation, certification by the Court of the Settlement Classes, are contingent

upon the occurrence of the Effective Date, defined herein.

(i)        *Preliminary Approval.* The Parties and their counsel agree that they will work cooperatively to prepare and file a Joint Motion seeking Approval of their proposed settlement (the "Preliminary Approval Motion").  Class Counsel agree to file the Joint Motion with the Court within ten (10) business days after both Parties have executed this Agreement and the Preliminary Approval Motion, or at such time as the Parties may mutually agree in writing.

(ii) For purposes of this Agreement, "Preliminary Approval" shall occur upon the issuance of a Court order granting the Preliminary Approval of the Agreement preliminarily certifying the Settlement Classes for purposes of providing notice to the affected individuals, approving the form and content of the Notice and Claim Form (including a consent to join form and release), advising the Settlement Classes of the material terms of this Settlement, the procedure for approval thereof, and their rights with respect thereto, appointing Class Counsel as counsel to the Settlement Classes, and appointing a Claims Administrator.  The Parties agree that if the Court does not approve any material term in the Preliminary Approval Motion or requires as a condition to granting the Preliminary Approval Motion any term that effects a material change in this Agreement, then this Agreement may be voided at either Party's option.  The Parties agree that Defendants being required to pay any amount greater than the amount specified in herein shall be deemed a material change.  The Parties further agree that any ruling that the Court may make regarding Class Counsel's motion or petition for an award of attorneys' fees and costs pursuant to Section 3 (F) shall not constitute a material change in this Agreement, unless such award has the effect of increasing the total amount Defendants must pay in settlement of all claims addressed by this Agreement.  Once Preliminary Approval has occurred, the Claims Administrator shall send settlement notice to the Settlement Class Members in a format substantially in the form of  Exhibit

A to all Existing Opt-ins and Rule 23 Class Members who have not already opted into the case. After the close of the notice period, the Court will then conduct a final approval hearing.

(iii)          *Final Approval.* In connection with seeking Preliminary Approval, the Parties will ask the Court to schedule and conduct a Final Approval hearing regarding final approval of the Settlement (the "Final Approval Hearing"), and to grant final approval of the Settlement ("Final Approval") no earlier than the time period required by 28 U.S.C. §1715, and at least one hundred and twenty (120) days, or as soon thereafter as practicable, after the Preliminary Approval Date.  The Parties will file an agreed Motion for Final Approval of the Settlement, and shall present a proposed Final Approval Order in connection therewith.

(iv)          If the Court does not enter a Final Approval Order, or decides to do so only with material modifications to the terms of this Agreement, or if the Approval Order is reversed or vacated by a court of competent jurisdiction, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves this Agreement as modified.  Notwithstanding the foregoing, if the Court approves the  amount of the Gross Settlement Fund but determines there should be a reallocation of the Net Settlement Fund, reduction of Service Payment, and/or a reduction of the amount paid to Class Counsel, the Agreement as so modified and approved by the Court, shall remain fully binding on the Parties.

(v)          In the event that the Court does not certify the Settlement Classes for settlement purposes only or in the event that the Court does not grant Preliminary or Final Approval or if the Effective Date otherwise does not occur, Omnicare does not waive, and instead expressly reserves, its right to challenge the propriety of class certification in the Litigation or otherwise for any purpose as if this Agreement had not been entered into by the Parties. The Parties expressly reserve all of their rights and defenses if the Effective Date does not occur. The provisions of this

16

Agreement may be used by the Parties to enforce the terms of this Agreement. The Parties may not use this Agreement nor any term contained herein as evidence in any other legal proceeding or for any other purpose whatsoever.

      B.       **Dismissal of Action with Prejudice**. Subject to and conditioned upon the Court's Final Approval of the Settlement in accordance with the terms and conditions of this Agreement, Plaintiffs agree that Litigation shall be dismissed, with all Parties responsible for their own costs and attorneys' fees, except as otherwise specifically provided in this Agreement.

      **7.**      **Settlement Administration and Payments.**

      A.       The Settlement will be administered by a third-party administrator, to be selected by mutual consent of the Parties ("Claims Administrator"). The Parties agree not to unreasonably withhold consent to selection of a Claims Administrator. The Claims Administrator shall be responsible for providing a bid that contains a "not to exceed" estimate of costs. The fees and expenses of the Claims Administrator shall be split 50% - 50% by Plaintiff and Defendants, with Plaintiff's portion being deducted from the Gross Settlement Fund. Any additional costs of the Claims Administrator shall be paid from any remaining monies from the Allocation Correction Set-Aside.

      B.       The Claims Administrator shall perform the services described in this Agreement, and shall cooperate to its fullest extent with the Parties, including, without limitation:

            (i) serve as the administrator of the settlement and perform services including without limitation publication and distribution of notice to and collection of claim information from members of the Settlement Classes, calculation and distribution of payments to Settling Plaintiffs consistent with the allocation formula described in paragraph 3 ( C ) , distribution

of the Service Payment to Plaintiff Davis, distribution of any award of fees and costs to Class Counsel, and tax payment and reporting related to the settlement.

(ii) Receiving from the Parties and updating and maintaining as necessary a mailing list, mailing the Notices and Claims Forms, along with the follow-up mailings set forth herein to effectuate notice and to obtain as many returned Valid Claims Forms as practicable;

(iii) Receiving Valid Claims Forms and opt-out forms;

(iv) Making determinations concerning disputes submitted by Settlement Class Members concerning their estimated mileage or workweeks, in accordance with the allocation formula in Paragraph 3(C);

(v) Providing notices of the Settlement to governmental authorities as required by law; and

(vi) Any other obligations established in this Agreement or subsequently agreed to by the Parties.

C.        Notice and Claims Process.

(i)        Within thirty (30) days of Preliminary Approval, the Parties will provide the class list to the Claims Administrator that provides the best-known information about the Settlement Class Members. The parties shall provide the Claims Administrator with all necessary cooperation, including but not limited to the execution of all documents necessary to administer the Settlement and any additional information reasonably available to Omnicare or Class Counsel. The Claims Administrator shall conduct searches of available databases to attempt to identify Class Members for whom the Parties do not provide complete identifying information. The Parties reserve the right to seek Court assistance in obtaining additional information via subpoena

regarding Settlement Class Members if they deem it necessary to assist the Settlement Administrator.

(ii)        Direct Notice. Within thirty (30) days of receipt of the information specified in the previous subparagraph, the Claims Administrator shall mail and email (where available) to the Settlement Class Members a notice of the Settlement and consent and claim form in the form attached as Exhibit A. The Notice shall inform the Settlement Class Members of their eligibility to participate in the Settlement by submitting the consent and claim form, thereby becoming a Settling Plaintiff, as well as their anticipated settlement allocation.

(iii)        Publication of Notice.  Within thirty (30) days of receipt of the information specified in the previous subparagraph, 7.C.i., the Parties shall provide to the settlement administrator a copy of the notice attached hereto as Exhibit C for publication in the Daily Independent, Lexington Herald Leader, and Beattyville Enterprise or such other local paper in Ashland, Lexington or Beattyville deemed appropriate by the Claims Administrator ("Local Papers"), which the Parties agree are newspapers that are distributed and have significant readership in Ashland, Lexington, and Beattyville, Kentucky and surrounding communities.  The Claims Administrator shall arrange for the notice attached hereto as Exhibit C to be published on three consecutive days in the Local Papers.  The Parties agree that the notice attached hereto as Exhibit C is appropriate, accurately provides notice to members of the Settlement Class of the settlement, and provides instructions for the submission of a Claim Form.

(iv)        Settling Plaintiffs must submit their claim form within seventy-five (75) days of its mailing ("Claim Period"). A reminder notice will be mailed and emailed (where available) to individuals who have not yet submitted a Valid Claim Form thirty (30) days after the

initial issuance of notice. The Claims Administrator shall provide a secure claims process for on-line claims submission.

(v)        Validity of Claim Form.  In order to be a Valid Claim Form, the Claim Form must be completed as instructed on the Claim Form with no other material alterations (excepting disputes pursuant to Paragraph 7 (C) (ix), signed, dated, and postmarked or otherwise returned to the Claims Administrator within the Claim Period.

a.        Within ten (10) days of receipt of an unsigned, incomplete, altered or otherwise invalid claim form, the Claims Administrator shall notify the Settlement Class Member who returned the form of its deficiency and provide such individual with a substitute form that the individual may use to cure the deficiency within the Claim Period.  The notice of deficiency and substitute form required hereunder shall be provided to the individual via U.S. mail or email (if available).  The substitute Claim Form must be returned and be a Valid Claim Form by the end of the Claims Period or within 10 days of notice of the deficiency, whichever is later.  A Claim Form that remains unsigned, incomplete or altered after this time period is void.  The Parties will attempt to mutually resolve any issues regarding the validity of any Claim Form deemed invalid by the Claims Administrator. If they are unable to do so, they will raise the issue with the Court.

b.        Persons who do not return a Valid Claim Form to the Claims Administrator in compliance with the preceding paragraphs, and do not timely opt-out prior to the Final Approval Order, shall be deemed to release all state law claims against Omnicare as described in Paragraph 4 B (ii) and shall be deemed to have waived any right to receive a payment in conjunction with the Settlement.

(vi)        Filing of Consents to Join with Court.  Upon the expiration of the Claim Period, the Claims Administrator shall separate the consent to join portion of the Claim Forms and

20

shall, after making a copy, transmit all originals of such to Class Counsel, who shall file such portion with the Court no later than ten (10) days prior to the distribution of the Distribution Amounts to Settling Plaintiffs. Simultaneously, the Claims Administrator shall compile, making a copy, and transmit all originals of the Release portion of the Claim Forms to Omnicare's counsel. In addition, at such time, the Claims Administrator shall submit to the Court a declaration verifying full compliance with the Final Approval Order and this Agreement. Should the Agreement not receive Final Approval, the consent to join forms and releases are void.

(vii)        Timeliness of Submissions

a.    Any mailing sent by a Settlement Class Member shall be considered timely pursuant to this Agreement if the mailing is sent by U.S. Mail and postmarked before the applicable deadline.

b.    If the prescribed time period in which to complete any required or permitted notices or mailings in accordance with this Agreement expires on a Saturday, Sunday or legal holiday (as defined by Fed. R. Civ. P 6(a)(4)), such time period shall be continued to the next following business day.

(viii)        **Notices Mandated by Statute**. The  Claims Administrator shall mail notices of the Settlement to an "Appropriate Federal Official" and "Appropriate State Officials" (collectively, "Government Officials") as required by 28 U.S.C. § 1715, no later than ten (10) days after Preliminary Approval. The Claims Administrator shall prepare the notices referenced in this Section, which shall include as exhibits the Preliminary Approval Motion (with its Exhibits), this Agreement, and the complaint filed in the Litigation.

(ix)        Disputes.

a.    The parties will meet and confer in good faith regarding disputes about class notice, and the validity of claims. If a Settlement Class Member attempts to opt in to the Settlement after the Claim Period, the parties will confer in good faith.

b.    If a Settlement Class Member disputes the estimated mileage or work dates listed for him/her in the Claim Form, he or she must present pay stubs or other credible evidence evidencing the gross pay he or she received during the eligible time period, or his or her work dates, mileage records and job duties.  Counsel for the Parties shall promptly be notified by the Claims Administrator of any such dispute.  The Parties agree that the Claims Administrator's decision will be final and binding.  Settlement Class Members will be advised in the Notice that, to participate in the Settlement, they must agree to this dispute provision as well.

c.    If any person contacts any of the Parties or the Claims Administrator during the Claim Period, asserting that he or she should have been sent a Notice and should be entitled to participate in the Settlement but that person is not included in the list sent by the Parties to the Claims Administrator as described in Paragraph 7 C (i), that person shall be instructed by the Party or Claims Administrator to submit the dispute in writing to the Claims Administrator together with any documents or other evidence in support of his or her position. Counsel for the Parties shall be promptly notified of any dispute.  The Claims Administrator shall resolve the dispute by making a binding determination as to the issues presented by the claim, after consultation with the Parties' Counsel and review of any relevant documents.   The Claims Administrator shall inform the potential member of the Settlement Classes of the outcome of the dispute.  Nothing in this Section will preclude any person from submitting an objection to the Court.

d.     If any Settlement Class Member contacts any of the Parties or Counsel for any of the Parties about the Settlement, he or she will be instructed to contact the Claims Administrator.  It is the intent of the Parties that the Claims Administrator be the initial interface with Settlement Class Members about this Settlement and administration of the Settlement.

(x)  Procedures for Objecting to the Settlement.

a.     Settlement Class Members seeking to object to the Settlement must timely file and serve such objection by the close of the Claims Period.  The Notices mailed to Settlement Class Members or published shall contain the requirements and information set forth in this subsection.

b.     To object, Settlement Class Members must file with the Court and serve on Counsel for the Parties listed in Section 17 below by first-class mail a short written statement describing their reasons for objecting to the Settlement.  No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein.

c.     Persons who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  Persons who are not Settlement Class Members or who submit a timely request to opt out of the Settlement (if a member of the Rule 23 Class), may not object to the Settlement, and any objections filed by such persons will be null and void.

(xi) Procedure for Opting Out of the Settlement. Members of the Rule 23 Class who wish to opt out of the Settlement must submit to the Claims Administrator a request to opt out that includes their name and the Omnicare location(s) in which they worked, postmarked by first-class U.S. mail no later than the close of the Claims Period. If, however, the Rule 23 Class Member submits a timely Valid Claim Form, his or her opt out request will be void. The Notices mailed by the Claims Administrator shall contain the requirements and information set forth in this subsection.

(xii)    Calculation of Distribution Amounts.

a. The amount of each Settling Plaintiff's Individual Award shall be determined based on the allocation formula in Paragraph 3(C) or $100, whichever is greater.

D.    Payment of Attorneys' Fees and Service Payment. Within ten (10) days after Final Approval, the Claims Administrator shall wire the total amount of the Court-approved Attorneys' Fees and Costs, and the Service Payment to Goodwin & Goodwin, LLP.

E.    Funding the Settlement and Distribution of Settlement Payments.

(i)    Omnicare's payment into the QSF shall be treated as a payment of a Qualified or Designated Settlement Fund under I.R.C. §468B and the regulations or proposed regulations promulgated hereunder (including without limitation Treasury Reg. §1.468B-1-5 or any successor regulation).

(ii)    The QSF will be established pursuant to the Internal Revenue Code and insured and guaranteed to the full extent permissible under 12 CFR § 370.4. Any funds on deposit in the QSF shall be deemed and considered to be in *custodia legis* of the Court. The QSF will be created as a non-interest bearing account, unless there is an appeal regarding the Settlement, in which case the Claims Administrator will:

a.  Invest the QSF in Treasury Bills of no more than 60 days in duration; and

b.  Prepare any tax returns on any interest earned by the QSF and pay such taxes from the QSF.

(iii)        Omnicare will deposit into the QSF One Million Dollars ($1,000,000.00) within thirty (30) days of entry of a Preliminary Approval Order by the Court. Omnicare will not be required to pay more than the amount set forth in this Section.

F.        <u>Undeliverable Settlement Materials.</u>  If materials sent to a Class Member are returned as undeliverable, the Claims Administrator shall promptly undertake reasonable steps to determine the Class Member's current address and, if an additional address is located, to send the materials to the updated address.

G.        <u>Uncashed Checks / Unclaimed Monies.</u>  Checks shall remain negotiable for 6 months from the date of issuance.  The Claims Administrator will mail a reminder postcard to any Settling Plaintiffs who do not cash their checks within 90 days of issuance. In addition, it is agreed that Class Counsel shall be permitted to make reasonable efforts to contact any Settling Plaintiff who has failed to cash his or her check for the purpose of notifying them of their rights to obtain a new check. Settling Plaintiffs who do not cash their checks within 6 months of issuance will have their checks cancelled and may obtain a new check from the Settlement Administrator within one year of the date the check is cancelled.   If there are remaining funds due to the fact that checks have been canceled and new checks are not requested within a year of cancellation, any remaining settlement funds shall be donated cy-pres to Kentucky Legal Aid.

**8.**    **<u>Tax Treatment of Payments.</u>**  For individual settlement allocations as set forth in Paragraph 3 above, the entire amount(s) paid to each Class Member under this Agreement shall be

reported by the Settlement Administrator as non-wage income to the appropriate taxing authorities on a Form 1099 (Box 3 – miscellaneous income) issued to the Settling Plaintiff. Service payments will be treated as non-wage income and reported by the Settlement Administrator to the appropriate taxing authorities on a Form 1099 issued to the Class Member (Box 3 – miscellaneous income).

9.    **Court Retains Jurisdiction To Enforce Agreement.**    The Court may retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.  Any action to enforce this Agreement shall be commenced and maintained before this Court. This Agreement shall be governed by Kentucky law, without regard to that state's choice of law provisions.

10.    **No Settlement Party Is the Drafter.**  No Party shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of construction that would or might cause any provision to be construed against the drafter hereof. This Agreement was drafted with the input by all Parties and their respective counsel, and no reliance was placed on any representations other than those contained herein.

11.    **Cooperation Clause.**  The parties agree to cooperate in good faith to effectuate the Settlement of the Litigation, including securing the Court's approval of the Agreement, assisting with the administration of the Settlement in accordance with the terms of this Agreement, and obtaining a final judgment.

12.    **No Admission of Liability and No Concession as to the Merits.**  Omnicare denies that it violated the law in any manner and specifically denies that it violated any statutory or common law alleged in the Litigation, and asserts that it has strong defenses to the Litigation and

26

the Wage and Hour Claims. Plaintiff makes no concessions as to the merits of his claims against Omnicare. The Parties have entered into this Agreement to avoid the risks, uncertainty, expense and burden of further litigation. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Omnicare, or concession thereof on the part of the Plaintiff.

13.    **No Statements to the Media; Confidentiality.**

A. Plaintiff (and Settlement Class Members) and their respective counsel agree that they will keep all settlement negotiations and/or communications leading up to the execution of this Agreement strictly confidential and will not publicize, discuss, disclose or in any way convey any such information in any manner, whether in writing, orally or electronically (including online, web or internet postings, pages and blogs) to anyone not a member of any Settlement Class, unless compelled by law.

B. The Parties shall agree in advance as to the content of the Joint Motion requesting Approval of the settlement. The Named Plaintiff and Existing Opt-ins and Class Counsel agree that they will not contact any media outlet or comment to any media outlet regarding the settlement, nor will they cause, encourage, request, or suggest that any third party do so. If contacted by the media, the Named Plaintiff and Existing Opt-ins and Class Counsel will in substance state only that the Action and all disputes among the Parties have been resolved to the satisfaction of all Parties, without providing any additional information regarding the Action or the Parties' settlement. Nothing in this Agreement shall prevent Omnicare from filing any required regulatory disclosures regarding the Litigation or complying with its obligations as a public company.

C.  Named Plaintiff and Class Counsel will promptly notify Omnicare's Counsel in advance of any demand or compulsion by law to disclose the negotiations leading to this Agreement, and will cooperate fully with Omnicare if Omnicare decides to challenge the demand or legal compulsion to disclose this information.

D.  Notwithstanding the foregoing, nothing herein shall prevent Class Counsel from communicating with members of the Settlement Classes about the Parties' settlement or the Agreement.

**14.    Material terms.**  These terms shall be deemed the material terms to the final Settlement Agreement and Release to be executed by the Parties. These material terms are conditional upon, interdependent with, and inextricably intertwined with each other. In other words, each and every term of this Agreement is a material term, and all such terms are interrelated with, dependent upon, and non-severable from one another, including but not limited to all terms of monetary relief and non-monetary relief.

**15.    Return or Destruction of Documents.**  Any documents and information produced by Omnicare as part of settlement discussions until execution of this Agreement, including all copies, excerpts, and electronic versions thereof, shall be destroyed by Class Counsel or returned to Omnicare's Counsel within ten (10) days of the Effective Date.  Within fourteen (14) days after the Effective Date, each Class Counsel shall notify Omnicare's Counsel in writing that he or she has destroyed or returned any and all such documents produced by Omnicare and has not retained any copies thereof.

**16. Complete Agreement.**  Other than as stated herein, the Parties warrant that no representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement and that they are competent to execute this Agreement and accept full

28

responsibility therefore. This Agreement contains the entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and constitutes the entire understanding and agreement between the Parties and supersedes all previous oral and written negotiations, agreements, commitments, and writings in connection therewith. This Agreement may not be amended or modified except by a writing signed by authorized representatives of all Parties.

17. **Notifications and Communications.**   Any notifications and communications made pursuant to, required by or otherwise in connection with the terms of this Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

| For Named Plaintiffs, Settlement Class Representatives and Class Members: | For Omnicare: |
|---|---|
| Harold L. Lichten<br>Zachary Rubin<br>Lichten & Liss-Riordan<br>729 Boyston Street<br>Suite 2000<br>Boston, MA 02116<br>Email: hlichten@llrlaw.com<br>Email: zrubin@llrlaw.com<br>Telephone: (617) 994-5800<br><br>Thomas R. Goodwin<br>Susan C. Wittemeier<br>W. Jeffrey Vollmer<br>Goodwin & Goodwin<br>300 Summers Street<br>Suite 1500<br>Charleston, WV 25301<br>Email: trg@goodwingoodwin.com<br>Email: scw@goodwingoodwin.com<br>wjv@goodwingoodwin.com<br>Telephone: (304) 346-7000<br><br>Michele Henry<br>Craig Henry PLC<br>401 West Main Street | James J. Swartz, Jr.<br>Seyfarth Shaw LLP<br>1075 Peachtree Street NE<br>Suite 2500<br>Atlanta, GA 30309-3958<br>Email: jswartz@seyfarth.com<br>Telephone: (404) 704-9656 |

| Suite 1900<br>Louisville, KY 40202<br>Telephone: (502) 614-5962<br>Email: mhenry@craighenrylaw.com | |

18. **Calculation of Time Periods.**  All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Settlement Agreement or by order of the Court, the day of act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a partner in Court, a day on which weather or other conditions have made the office of the Clerk of the Court inaccessible, in which event the period shall run until the end of the next day that is not one of the observance of New Year's, the birthday of Dr. Martin Luther King, Jr., Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day and any other day appointed as a federal or a Missouri state holiday on which the Court is closed.

19. **Agreement Form and Construction.**

A.  The Parties agree that the terms and conditions of this Agreement are the result of lengthy, carefully considered, arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Agreement.

B.  This Agreement may not be changed, altered, or modified, except in writing by counsel for the Parties, and, if material, approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.

C. To the extent necessary to effectuate the terms of this Agreement, including without limitation the meaning of any defined terms, the singular shall be construed as the plural and the plural construed as the singular, except where a plain reading of the language indicates that the use of the singular or plural is intended.

D. The Notices will advise all Settlement Class Members of the binding nature of the Agreement. Submission of a Valid Claim Form or cashing of the Distribution Amount check shall constitute acceptance of this Agreement and have the same force and effect as if each Settling Plaintiff signed this Agreement.

E. This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Agreement, for a complete resolution of the released claims.

F. In the event of an inconsistency between the (1) Notices and/or Claim Form; and (2) the Settlement Agreement, this Agreement shall govern.

G. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or other electronic means will constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes. Signatures of the Parties transmitted by facsimile or other electronic means will be deemed to be their original signatures for any purpose whatsoever.

**20. Authority.** Undersigned counsel certify that they are authorized to agree to these terms on behalf of their respective clients.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:**  _Daniel Davis_  **Date:** 9-8-2020

**Daniel Davis**

**CLASS COUNSEL APPROVED AS TO FORM:**

**Date:** 9/11/2020

**Harold L. Lichten**

**DEFENDANTS:** _____  **Date:** _____

**Omnicare, Inc.**

**DEFENDANT:** _____  **Date:** _____

**Home Care Pharmacy, LLC**

**DEFENDANT:** _____  **Date:** _____

**D&R Pharmaceutical Services, LLC**

**DEFENDANT:** _____  **Date:** _____

**Three Forks Apothecary, LLC**

**DEFENDANTS' COUNSEL:**

**APPROVED AS TO FORM:**

_____  **Date:** _____

**James J. Swartz, Jr.**

32

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement

as follows:

**PLAINTIFF:** _____    Date: _____
　　　　　　　　　　**Daniel Davis**

**CLASS**
**COUNSEL**
**APPROVED AS TO FORM:**

　　　　　　　　　　_____    Date: _____
　　　　　　　　　　**Harold L. Lichten**

**DEFENDANTS:** _____    Date: _9/11/2020_
　　　　　　　　　　**Omnicare, Inc.**

**DEFENDANT:** _____    Date: _9/11/2020_
　　　　　　　　　　**Home Care Pharmacy, LLC**

**DEFENDANT:** _____    Date: _9/11/2020_
　　　　　　　　　　**D&R Pharmaceutical Services, LLC**

**DEFENDANT:** _____    Date: _9/11/2020_
　　　　　　　　　　**Three Forks Apothecary, LLC**

**DEFENDANTS'**
**COUNSEL:**

**APPROVED AS TO FORM:**
　　　　　　　　　　_____    Date: _9/11/2020_
　　　　　　　　　　**James J. Swartz, Jr.**

32

# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | | |
|---|---|---|
| **DANIEL DAVIS, individually** | ) | |
| **and on behalf of himself and all** | ) | |
| **others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 5:18-cv-00142-REW-MAS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OMNICARE, INC.,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

**IMPORTANT—PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS ARE AFFECTED. <u>YOU ARE ENTITLED TO MONEY FROM THIS SETTLEMENT.</u>**

You received this Notice of Settlement ("Notice") either because you 1) previously completed an Opt-in Consent Form to join the above captioned case, ***Davis v. Omnicare, Inc.*, Case No. 5:18-cv-00142-REW (E.D.KY)**; or 2) you did not previously join this case but the records obtained during discovery in this case indicate that you worked as a delivery driver or dispatcher for Omnicare, Inc. and its subsidiaries through Omnicare's subcontractor Act Fast Delivery of Kentucky and were classified as an independent contractor.  Because you fit this settlement class definition, **you may be entitled to receive money from a Settlement in this case, as described below**.

<u>**WHY YOU SHOULD READ THIS NOTICE:**</u>

This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") of the Settlement, or object to the Settlement. The United States District Court for the Eastern District of Kentucky has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____ at _____, before the Honorable Robert E. Wier in [location].

**IF YOU WISH TO PARTICIPATE IN THIS SETTLEMENT, YOU MUST SIGN AND RETURN THE ATTACHED CLAIM FORM TO THE CLAIMS ADMINISTRATOR BY [INSERT DATE].**

## INTRODUCTION

The purpose of this Notice is to inform you of a proposed settlement (the "Settlement") of the lawsuit entitled *Davis v. Omnicare, Inc.*, currently pending in the United States District Court for the Eastern District of Kentucky (the "Court"). The Lawsuit was filed by Plaintiff Daniel Davis and others similarly situated ("Plaintiffs"), against Defendants Omnicare, Inc.; Home Care Pharmacy, LLC; D & R Pharmaceutical Services, LLC; and Three Forks Apothecary, LLC (collectively "Omnicare"). Plaintiff alleged that drivers who were hired by Act Fast Delivery of Kentucky ("Act Fast") (or a subcontractor of Act Fast) and delivered pharmaceuticals from Omnicare's pharmacies in Lexington, Ashland, and Beattyville, Kentucky during the period February 19, 2013 to March 25, 2018 ("claims period") and dispatchers who were hired by Act Fast and worked at those same Omnicare pharmacies during that period were improperly classified as independent contractors and were not paid all the wages due them under the Fair Labor Standards Act ("FLSA") and Kentucky Wage Act. You received this Notice because you meet the class definition of delivery driver or dispatcher classified as an independent contractor who performed work for Omnicare via Act Fast during the claims period. Your rights are therefore affected by the proposed Settlement.

**THIS NOTICE INFORMS YOU ABOUT:**

1. THE TERMS OF THE PROPOSED SETTLEMENT OF THE LAWSUIT;

2. HOW YOU MUST SUBMIT THE ENCLOSED "CLAIM FORM' TO RECEIVE A SHARE OF THE SETTLEMENT FUNDS;

3. YOUR OPTION TO DISPUTE THE NUMBER OF MILES DRIVEN OR WEEKS YOU WORKED AT OMNICARE'S PHARMACIES IN LEXINGTON, ASHLAND, AND BEATTYVILLE, KENTUCKY DURING YOUR CLAIM PERIOD;

4. YOUR OPTION TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT; AND

5. CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES AND COSTS.

**1. Why Should You Read this Notice?**

This Notice informs you about the Settlement in this case. On _____, the Court preliminarily approved the Settlement. The Settlement will resolve your claim for unpaid minimum and overtime wages against Omnicare.

2

### 2.   What Is This Case About?

On February 19, 2018 Plaintiff filed a complaint in the United States District Court for the Eastern District of Kentucky against Omnicare. The Lawsuit alleges that Plaintiff and those similarly situated were improperly classified as independent contractors rather than employees, were paid on a flat fee basis without reimbursement for any of the vehicle costs associated with making deliveries for Omnicare and as a result were not paid at least the minimum wage for all hours worked and at the rate of time and one-half for hours worked in excess of forty (40) hours in a week. Plaintiff also alleged that improper deductions were taken from Plaintiffs' wages in violation of the Kentucky Wage Act. Plaintiff sought monetary damages for unpaid minimum and overtime wages, liquidated damages and attorneys' fees and costs on behalf of drivers and dispatchers who worked at the Omnicare pharmacies in Lexington, Ashland, and Beattyville during the period February 19, 2013 to March 25, 2018. Omnicare denies all the allegations in the Lawsuit and has asserted defenses to the claims asserted by Plaintiff. Nothing in this Notice or the proposed Settlement shall be construed as an admission, concession, or indication by or against Omnicare of any fault, wrongdoing, or liability whatsoever. The Court has expressed no opinion regarding the merits of Plaintiff's claims, or regarding whether Omnicare has any liability.

**<ins>YOU WILL GET MONEY FROM THIS SETTLEMENT PROVIDED THAT YOU SUBMIT A VALID AND TIMELY CLAIM FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH BELOW.</ins>**

### 3.   Who Are the Attorneys Representing the Plaintiffs?

Plaintiffs and the Opt-In Plaintiffs, including you, are represented in this Lawsuit by attorneys at the law firms of Goodwin and Goodwin, LLP, Lichten & Liss-Riordan, PC and Craig Henry PLC ("Class Counsel"). The contact information for these attorneys appears below:

**GOODWIN & GOODWIN LLP**
Thomas R. Goodwin
Susan C. Wittemeier
W. Jeffrey Vollmer
300 Summers Street
Suite 1500
Charleston, WV 25301
Telephone: (304) 346-7000
Facsimile: (304) 344-9692
trg@goodwingoodwin.com
scw@goodwingoodwin.com
wjv@goodwingoodwin.com

**LICHTEN & LISS-RIORDAN**
Harold L. Lichten
Zachary Rubin
729 Boylston Street
Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile (617) 994-5801
hlichten@llrlaw.com
zrubin@llrlaw.com

**CRAIG HENRY PLC**
Michele Henry
401 West Main Street, Suite 1900

Louisville, KY 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
mhenry@craighenrylaw.com

### 4.  How Much Will You Receive From the Settlement?

The Settlement Amount you will receive is based upon whether you were a driver or whether you were solely a dispatcher and the number of Class Members who participate in the Settlement. If you were a driver, you will receive your proportionate share of the Driver Settlement Pool based upon the percentage of miles you drove during the Class Period compared to the class-wide total adjusted mileage based on Plaintiff's expert calculations. If you opted-in to the Lawsuit your mileage will be adjusted upward using a multiplier of 1.2 in recognition of your support of the Lawsuit. If you were a dispatcher, you will receive your proportionate share of the Dispatcher Settlement Pool based upon the number of weeks you worked to the total weeks worked by all dispatchers during the Class Period. If you opted-in to the Lawsuit the number of weeks you worked will be adjusted upward using a multiplier of 1.2 in recognition of your support of the Lawsuit. You can only participate in one of the Settlement Pools. Thus, if you made deliveries and also did dispatching work, your settlement award will be based upon the deliveries you made and miles you drove and you will receive your proportionate share of the Driver Settlement Pool. In no event will you receive less than $100.

Based on Act Fast's and Omnicare's records, Plaintiff's expert estimated that you drove _____ miles and worked ### weeks during the claims period. If you previously affirmatively opted-in to the Lawsuit your share of the Gross Settlement Fund (based on your miles driven, or weeks worked if you are a dispatcher) has been increased by 20%.  In a minority of cases, Plaintiff's counsel may not have obtained records of your work during the claims period.  In the event there are no records of your miles driven or weeks worked, you will be apportioned a reasonable approximate share of the settlement fund based on the aggregate data available.

If you properly complete and return the enclosed Claim Form by the deadline your estimated share will be at least $____, depending on the number of individuals who submit a Claim Form. **This amount is an estimated amount, and your final settlement payment is expected to differ from this amount and will be calculated as set forth above. If you have not already, and you do not properly complete and return the enclosed Claim Form by the deadline, you will not receive any money in this Settlement.**

Settlement Awards shall be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. If you receive a Settlement Award, you will have 6 months to cash the check that will be sent to you. If at the conclusion of the 6-month check void period, you may obtain a new check from the Settlement Administrator within one-year.  If after one-year of the check's cancelation you do not request and cash a new check, those monies will be paid to Kentucky Legal Aid, subject to the Court's approval in the Final Approval Order.

If you believe that Plaintiff's records or reasonable estimate of your miles driven or week's worked is incorrect, you must explain your disagreement in a letter and mail it, along with any documentation supporting your claim to the Claims Administrator at the address provided below.

[INSERT ADDRESS]

For your explanation and documentation to be considered, they must be received by _____. In the event of a dispute, the Claims Administrator will review your records and the calculations provided to the Claims Administrator and the Claims Administrator will then resolve the dispute.

To receive any money from the Settlement, you **must** complete and sign the attached Claim Form. You need to promptly mail it to the Claims Administrator.

### 5. The Total Amount of the Settlement and How It Will Be Divided.

Omnicare has agreed to pay a Gross Settlement Amount of One Million Dollars ($1,000,000.00) to settle the Lawsuit which includes approximately 200 Settlement Class Members. Deductions from this amount will be made to cover a service award of $5,000 to the Named Plaintiff, Attorneys' Fees and Costs to Class Counsel of $392,333, Claims Administrator Costs estimated to be $_____, and $20,000 to be set aside to resolve any disputes by Settling Class Members regarding the amount of their Settlement Award. After deductions of these amounts, the remaining funds (the "Net Settlement Fund") will be available to pay all settlement awards for the Settlement Classes. **The Net Settlement Fund will be divided into two Settlement Pools: the Driver Settlement Pool and the Dispatcher Settlement Pool and each Settlement Pool shall be allocated as follows:**

Of the Net Settlement Fund, $_____ shall be allocated to the Driver Settlement Pool. There are approximately _____ Settlement Class Members in the Driver Settlement Pool. Each Settlement Class Member who was a delivery driver shall receive his or her proportionate share of the Driver Settlement Pool based upon the percentage of miles that the driver drove during the Class Period compared to the class-wide total adjusted mileage based upon Plaintiff's expert's mileage calculations. The mileage for drivers who were FLSA opt-in members shall be adjusted upward using a multiplier of 1.2 in recognition of their support of the Lawsuit. In those limited instances where a driver's mileage calculations are unavailable, his or her mileage will be estimated using the average mile per delivery of the Settlement Class times the approximate number of deliveries made as ascertained from the delivery data.

Of the Net Settlement Fund, $_____ shall be allocated to the Dispatcher Settlement Pool. There are approximately ____ Settlement Class Members in the Dispatcher Settlement Pool. Each Settlement Class Member who was a dispatcher shall receive his or her proportionate share of the Dispatcher Settlement Pool based upon the number of weeks worked by that dispatcher to the total weeks worked by all dispatchers during the Class Period. The number of weeks worked by dispatchers who were FLSA opt-in members shall be adjusted upward using a multiplier of 1.2 in

recognition of their support of the Lawsuit. If a dispatcher also made deliveries, he or she will be considered a driver and shall participate in the Driver Settlement Pool.

All Settlement Class Members who submit a Claim Form to the Claims Administrator by the deadline shall receive at least $100.

**NOTE: YOU WILL ONLY GET MONEY FROM THE SETTLEMENT IF YOU SUBMIT A VALID CLAIM FORM. It is your responsibility to ensure that the Claims Administrator has timely received your Claim Form. You may contact the Claims Administrator at [Insert phone number] to ensure it has been received. It is also your responsibility to keep a current address on file with the Claims Administrator to ensure receipt of your Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award. In addition, if you do not submit a timely and valid claim form, the Court will dismiss your claim and you will not receive any payment under the Settlement.**

6. **How Will the Attorneys for the Class be Paid?**

The attorneys for the Named Plaintiff, Existing Opt-Ins and the Class ("Class Counsel") have requested the Court to approve fees in the amount of one-third the Gross Settlement Fund ($333,333.33) plus one-half the costs they incurred in prosecuting the Lawsuit ($59,000.00). If the Court approves their request those payments shall be deducted from the Gross Settlement Fund. Any amounts not approved shall be added to the Net Settlement Fund and will be distributed to Class Members who submitted a Valid Claim Form in accordance with the allocation formula described above.

7. **Description of Release**

The Settlement Agreement provides that the Named Plaintiff shall release Defendants and other Released Parties from any and all suits, actions, causes of action, claims, or demands based on putative violations of any state or local law (both statutory and common law) or federal law pertaining to hours of work or payment of wages, including all possible claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. that were asserted or could have been asserted in the Litigation with respect to work performed in Kentucky, from the beginning of time until March 25, 2018.

The Settlement Agreement further provides that the Settling Plaintiffs and Existing Opt-ins shall release Defendants and other Released Parties of all wage and hour claims (state and federal) arising from the facts alleged or that could have been alleged as related to the facts pled in the complaint during the class period of February 19, 2013 through March 25, 2018. The limited release specifically excludes any claims, including wage and hour claims, that Settling Plaintiffs and Existing Opt-ins may have as a result of holding any other position with Omnicare other than as an independent contractor driver or dispatcher.

Settlement Class Members who do not submit a Valid Claim Form but who also do not opt out of the settlement, will not release FLSA claims but will release state law claims arising from the facts

alleged or that could have been alleged as related to the facts plead in the complaint during the during the class period of February 19, 2013 through March 25, 2018. Excluded from the release are any claims which cannot be waived by law, including the right to file a charge with or participate in an investigation conducted by any state, or local government agency. This limited release also specifically excludes any claims, including wage and hour claims, that Settlement Class Members may have as a result of holding any other position with Omnicare other than other than as an independent contractor driver or dispatcher.

### 8.  Your Right to Object to the Settlement

If you wish to object to the Settlement, you mut submit an objection, and it must be received by _____, stating why you object to the Settlement. In your objection, you must state your full name, address and telephone number. The objection should be mailed to the Claims Administrator at the address provided above.

### 9.  Your Right to Opt-Out of the Settlement

If you do not wish to be bound by the Settlement, you must submit a written exclusion from the Settlement, and it must be received by _____. The written request for exclusion must contain your full name, address, telephone number and Omnicare location where you worked and be signed individually by you. The opt-out request should be mailed to the Claims Administrator at the address provided above. **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon.** If you submit a Valid Claim Form and an opt out request, your opt out request will be void and you will be included in the Settlement.

### 10. If You Need More Information, Have Questions, or Wish to Review a Complete Copy of the Settlement Agreement

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS OR WISH TO REVIEW A COMPLETE COPY OF THE SETTLEMENT AGREEMENT, you may contact the Claims Administrator at the address and telephone number listed below and you may contact Class Counsel (whose contact information listed above in this notice)

[INSERT CONTACT INFORMATION FOR CLAIMS ADMINISTRATOR]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| **DANIEL DAVIS, individually** | ) | |
| **and on behalf of himself and all** | ) | |
| **others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 5:18-cv-00142-REW-MAS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OMNICARE, INC.,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

You may also complete an online Claim Form at: [INSERT ELECTRONIC OPTION]

**CLAIMANT INFORMATION:**

[INSERT CLAIMANT NAME AND ADDRESS]

**Telephone No.:**

**Email Address:**

**TO RECEIVE A SETTLEMENT AWARD IN THIS SETTLEMENT, PLEASE SIGN AND RETURN THIS CLAIM FORM POSTMARKED BY _____.**

If your address changes, you must send Class Counsel your new address. It is your responsibility to keep your address on file and up-to-date with Class Counsel so that you can be sure to receive your monetary Settlement Award.

By signing below, I certify that I hereby consent and agree to be bound by the collective and class action settlement, including the Release of Claims as set forth in the NOTICE OF SETTLEMENT and SETTLEMENT AGREEMENT.

Date:_____

_____
Signature

_____
Printed Name

8

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| DANIEL DAVIS, individually and on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civ. Action No.: 5:18-cv-00142-REW-MAS |
| v. | ) ) | |
| Omnicare, INC.; HOME CARE PHARMACY, LLC; D&R PHARMACEUTICAL SERVICES, LLC; and THREE FORKS APOTHECARY, LLC; | ) ) ) ) ) | |
| Defendants. | | |

## [PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF THE COLLECTIVE AND CLASS ACTION SETTLEMENT

Plaintiff Daniel Davis initiated this class and collective action wage and hour lawsuit against Defendant Omnicare, Inc. and its wholly-owned subsidiaries, Defendant Home Care Pharmacy, LLC, Defendant D & R Pharmaceutical Services, LLC, and Defendant Three Forks Apothecary, LLC (collectively "Omnicare" or "Defendants") by filing a complaint on February 19, 2018. Both parties hotly contested the issues raised in this case and ultimately reached a settlement agreement following an arm's-length mediation process. Thereafter, the parties submitted a joint motion for preliminary approval of the settlement agreement. The Court has reviewed the parties' filings in support of their joint motion and hereby preliminarily approves the settlement agreement for the reasons articulated by the parties in their moving papers.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**<u>PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT</u>**

1.      The Court hereby grants the parties' joint motion for preliminary approval.

2.      The Court hereby permits the parties to issue the class notice to class members and valid claim forms to class members, consistent with the parties' settlement agreement.

3.      The Court further certifies the Rule 23 Class for settlement purposes only and appoints Daniel Davis as Class Representative and Plaintiff's counsel as Class Counsel. If Final Approval of the parties' settlement does not occur, the parties shall retain their respective rights to seek and oppose class certification of a Rule 23 class and decertification of an FLSA collective.

4.      By separate order, the Court will set a hearing date for the final approval hearing.

5.      The parties are to submit any motions in support of final approval one week prior to the final approval hearing.

**It is SO ORDERED**, this _____ day of _____

_____
THE HONORABLE ROBERT E. WIER
UNITED STATES DISTRICT JUDGE

# Exhibit C

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | | |
|---|---|---|
| **DANIEL DAVIS, individually** | ) | |
| **and on behalf of himself and all** | ) | |
| **others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 5:18-cv-00142-REW-MAS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OMNICARE, INC.,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

**IMPORTANT—PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BEAFFECTED IF YOU FIT THE DEFINITION OF A SETTLEMENT CLASS MEMBER, AS DESCRIBED BRIEFLY BELOW.**

The parties in *Davis v. Omnicare, Inc.*, **Case No. 5:18-cv-00142-REW (E.D.KY)** have recently agreed to settle the claims arising out of that action and you may be entitled to share in the Class Settlement if you worked as a delivery driver or dispatcher for Omnicare, Inc. and its subsidiaries through Omnicare's subcontractor Act Fast Delivery of Kentucky and were classified as an independent contractor during the claims period. If you fit this settlement class definition, **you may be entitled to receive money from a Settlement in this case, as described below.**

Specifically, if you delivered pharmaceuticals from Omnicare's pharmacies in Lexington, Ashland, and Beattyville, Kentucky **during the period February 19, 2013 to March 25, 2018 ("claims period")** or worked as dispatchers who was hired by Act Fast and worked at those same Omnicare pharmacies during that period you are entitled to share in a class action settlement concerning claims for unpaid wages. In order to participate in the settlement, **you must complete a Valid Claim form**, which can be obtained by calling [insert number] or emailing [insert email]. The full notice regarding class members' rights under the settlement agreement can be viewed at [insert hyperlink].

1